**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**Holding a Criminal Term
Grand Jury Sworn in on May 11, 2006**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **Criminal No.** |
| | : | |
| | : | **UNDER SEAL** |
| | : | |
| v. | : | **Grand Jury Original** |
| | : | |
| | : | **VIOLATIONS:** |
| | : | |
| **AFSANEH TEHRANI,** | : | **18 U.S.C. § 1347** |
| | : | **(Health Care Fraud);** |
| Defendant. | : | **18 U.S.C. § 1035** |
| | : | **(False Statements Regarding** |
| | : | **Health Care Matters);** |
| | : | **and** |
| | : | **18 U.S.C. § 982(a)(7) and (b)(1)** |
| | : | **(Criminal Forfeiture)** |

**INDICTMENT**

The Grand Jury charges that:

At various times material to this Indictment:

1. The Bureau of National Affairs (hereafter referred to as "BNA") entered into a private plan or contract with Aetna Life Insurance Company (hereafter referred to as "Aetna") and Metropolitan Life Insurance Company (hereafter referred to as "MetLife"), affecting commerce, under which medical benefits, items, and services were provided to individuals.

2. The following insurance companies were private plans or contracts, affecting commerce, under which any medical benefit, item, or service was provided to any individual: Aetna; MetLife; Cigna Corporation, also known as Connecticut General Life Insurance; HumanaDental; Delta Dental of New York; and MAMSI Life and Health Insurance Company.

D.C. Dentistry

3. D.C. Dentistry, Inc., (hereafter referred to as "D.C. Dentistry"), was a dental clinic located at Suite 910, 1712 I Street, N.W., Washington, D.C. 20006.

4. Defendant AFSANEH TEHRANI was the owner, operator, President, Vice President, Secretary, and Treasurer of D.C. Dentistry. Defendant AFSANEH TEHRANI was not a dentist.

5. D.C. Dentistry employed dentists who provided dental services to patients.

## COUNT ONE

## (HEALTH CARE FRAUD)

6. From on or about November 22, 1997, and continuing until on or about June 24, 2005, within the District of Columbia and elsewhere, defendant AFSANEH TEHRANI willfully and knowingly devised, and intended to devise, a scheme and artifice to obtain money by fraud.

### Purpose of the Scheme and Artifice

7. It was a purpose of the scheme and artifice that defendant AFSANEH TEHRANI would obtain money from the submission of fraudulent dental claims which she would use for her own benefit.

### The Scheme

8. It was a part of the scheme and artifice that defendant AFSANEH TEHRANI herself would prepare insurance claims for submission to insurance companies.

9. It was a part of the scheme and artifice that defendant AFSANEH TEHRANI would submit claims to insurance companies for dental procedures which had not been performed.

10. It was a part of the scheme and artifice that defendant AFSANEH TEHRANI would submit identical claims to two insurance companies for performed dental procedures.

11. It was a part of the scheme and artifice that defendant AFSANEH TEHRANI would falsify the dates when procedures had been performed on claims to insurance companies.

12. It was a part of the scheme and artifice that defendant AFSANEH TEHRANI would submit identical claims to two insurance companies for dental procedures which had not been performed.

13. It was a part of the scheme and artifice that defendant AFSANEH TEHRANI would alter or destroy patient records of D.C. Dentistry.

14. It was a part of the scheme and artifice that defendant AFSANEH TEHRANI would falsely claim that a water leak caused damage to patient records in D.C. Dentistry.

15. From on or about November 22, 1997, and continuing until on or about June 24, 2005, in the District of Columbia, and elsewhere, defendant AFSANEH TEHRANI knowingly and willfully did execute, and attempt to execute, a scheme and artifice to defraud health care benefit programs, and to obtain, by means of false and fraudulent pretenses, representations, and promises, money owned by and under the custody and control of a healthcare benefit program, in connection with the delivery of, and payment for, health care benefits, items and services.

**(Health Care Fraud, in violation of Title 18, United States Code, Section 1347.)**

## COUNTS TWO THROUGH FIFTY-FIVE

### (FALSE STATEMENTS REGARDING HEALTH CARE MATTERS)

16. Paragraphs 1 through 14 of Count One are realleged and incorporated as though fully set forth herein.

17. As examples of false claims submitted in the scheme alleged, on or about the dates and for the patients (identified by initials of their names) enumerated below, within the District of Columbia and elsewhere, in a matter relating to a health care benefit program, the defendant AFSANEH TEHRANI, did knowingly and willfully make, and cause to be made, materially false, fictitious and fraudulent statements and representations, that is, false dental insurance claims:

| Count | Patient | Date of Service |
|---|---|---|
| 2 | DW | August 11, 2001 |
| 3 | GabR | August 21, 2001 |
| 4 | TP | August 21, 2001 |
| 5 | AT | September 21, 2001 |
| 6 | JB | September 23, 2001 |
| 7 | RT Sr. | September 22, 2001 |
| 8 | GA | October 6, 2001 |
| 9 | BS | February 23, 2002 |
| 10 | WS | April 3, 2002 |
| 11 | TR | August 12, 2002 |
| 12 | MiaR | August 30, 2002 |
| 13 | DG | November 26, 2002 |

| 14 | MyrR | November 26, 2002 |
|---|---|---|
| 15 | MadR | December 4, 2002 |
| 16 | PO | December 22, 2002 |
| 17 | EN | December 24, 2002 |
| 18 | JY | December 24, 2002 |
| 19 | MicR | December 30, 2002 |
| 20 | EB | February 13, 2003 |
| 21 | RS | February 17, 2003 |
| 22 | AJ | March 1, 2003 |
| 23 | DT | March 8, 2003 |
| 24 | MT | March 8, 2003 |
| 25 | SP | March 8, 2003 |
| 26 | GreR | March 14, 2003 |
| 27 | LA | March 22, 2003 |
| 28 | MylP | March 26, 2003 |
| 29 | MarC | March 29, 2003 |
| 30 | BB | July 17, 2003 |
| 31 | BL | August 20, 2003 |
| 32 | SR | October 14, 2003 |
| 33 | MonP | October 27, 2003 |
| 34 | LI | November 1, 2003 |
| 35 | WA | November 4, 2003 |
| 36 | JerA | December 4, 2003 |
| 37 | KM | December 30, 2003 |
| 38 | BC | December 24, 2003 |

| | | |
|---|---|---|
| 39 | KP | December 29, 2003 |
| 40 | RT Jr. | December 29, 2003 |
| 41 | JC | February 7, 2004 |
| 42 | WB | February 11, 2004 |
| 43 | TB | February 21, 2004 |
| 44 | MP | February 28, 2004 |
| 45 | CB | March 6, 2004 |
| 46 | DT | March 6, 2004 |
| 47 | JenA | March 6, 2004 |
| 48 | LB | March 6, 2004 |
| 49 | MT | March 6, 2004 |
| 50 | MisC | March 13, 2004 |
| 51 | JB | March 27, 2004 |
| 52 | LS | March 27, 2004 |
| 53 | AA | June 12, 2004 |
| 54 | PP | June 12, 2004 |
| 55 | TonS | June 12, 2004 |

**(False Statements Relating to Health Care Matters,
in Violation of Title 18, United States Code, Section 1035)**

**FORFEITURE ALLEGATION UNDER 18 U.S.C. § 982(a)(7)**

18.    The violations alleged in Counts One through Fifty-five of this Indictment are realleged and incorporated by reference herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 982(a)(7).

19. As a result of the offenses alleged in Counts One through Fifty-five of this Indictment, the defendant, AFSANEH TEHRANI, shall forfeit to the United States property constituting or derived, directly or indirectly, from gross proceeds traceable to the commission of health care fraud, in violation of Title 18, United States Code, Section 1347; and false statements regarding health care matters, in violation of Title 18, United States Code, Section 1035(a)(2), including, but not limited to:

Money Judgment:

(a) A sum of money equal to the total amount of property constituting or derived, directly or indirectly, from gross proceeds traceable to the commission of health care fraud, in violation of 18 U.S.C. § 1347; and false statements regarding health care matters, in violation of 18 U.S.C. § 1035(a)(2), Fed. R. Crim. P. 32.2(b)(1).

By virtue of the commission of felony offenses charged in Counts One through Fifty-five of this Indictment, any and all interest that the defendant has in property constituting or derived, directly or indirectly, from gross proceeds traceable to the commission of health care fraud, in violation of Title 18, United States Code, Section 1347; and false statements regarding health care matters, in violation of Title 18, United States Code, Section 1035(a)(2); is vested in the United States and hereby forfeited to the United States, pursuant to Title 18, United States Code, Section 982(a)(7).

22 . If any of the property described above as being subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(7), as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

  (c) has been placed beyond the jurisdiction of the Court;

  (d) has been substantially diminished in value; or

  (e) has been commingled with other property that cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating by reference Title 21, United States Code, Section 853(p), to seek forfeiture of other property of said defendant up to the value of said property listed above as being subject to forfeiture.

    **(Criminal Forfeiture, in violation of Title 18, United States Code, Section 982(a)(7); Title 18, United States Code, Section 982(b)(1))**

              A TRUE BILL:


              FOREPERSON


ATTORNEY OF THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA