

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20530*

November 13, 2006

**FILED**
**NOV 1 4 2006**
**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

06cr 234

Steven D. Gordon
Holland & Knight LLP
2099 Pennsylvania Avenue, N.W.
Suit 100
Washington, D.C. 20006

Re:    Afsaneh Tehrani

Dear Mr. Gordon:

     This letter sets forth the full and complete plea offer to your client, Ms. Afsaneh Tehrani. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia (hereinafter "the government" or "this Office" or "USAO-DC"). This plea offer will expire on November 14, 2006. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

     1.    **Charges:** Ms. Tehrani agrees to plead guilty to one count of the Indictment charging a violation of 18 U.S.C. § 1347 (health care fraud). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Ms. Tehrani and will be entered in accordance with Federal Rule of Criminal Procedure 11. Ms. Tehrani will agree to the attached "Statement of the Offense" which fairly and accurately describes Ms. Tehrani's actions and involvement in the fraudulent scheme. It is anticipated that during the Rule 11 plea hearing, Ms. Tehrani will adopt and sign the Statement of the Offense as a written proffer of evidence. The government will move to dismiss the remaining counts of the Indictment at sentencing. Ms. Tehrani agrees that the counts to be dismissed at the time of sentencing were based in fact and would not provide a basis for any future claims under the "Hyde Amendment," 28 U.S.C. § 2412, and thus, specifically agrees not to file any claim under that law.

     2.    **Potential penalties, assessments, and restitution:** Ms. Tehrani understands that the statutory maximum sentence that can be imposed is ten years imprisonment, a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

Notwithstanding the maximum sentence, Ms. Tehrani understands that the sentence to be imposed in this case will be determined by the Court, guided by the factors enumerated in 18 U.S.C. 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, <u>Guidelines Manual</u> (2005) (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Ms. Tehrani understands that this sentence, including the applicable sentencing guidelines range will be determined solely by the Court, and the government cannot and does not make any promises, representations, or predictions regarding what sentence the Court will impose. Ms. Tehrani further understands that if the Court imposes a sentence that is in any way unsatisfactory to her, she cannot move to withdraw her guilty plea.

3. **Federal Sentencing Guidelines:** The parties agree that based on the facts currently known to the government, the following is a correct calculation of all relevant Sentencing Guideline factors:

| § 2B1.1 | | |
|---|---|---|
| | (a) Base Offense Level | 6 |
| | (b)(1) Loss more than $120,000 | 10 |
| § 3E1.1 | Acceptance of Responsibility | -3 |
| TOTAL | | 13 |

Otherwise, the parties retain the right to argue the applicability of any increases or decreases in offense levels.

4. **Maximum Sentence:** Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the government agrees that the sentence to be imposed in this case will not exceed 18 months' imprisonment, i.e., the upper end of the range for Offense Level 13 under the Sentencing Guidelines. The Government retains the right to request a sentence up to the maximum of 18 months incarceration. Ms. Tehrani retains the right to request whatever lesser sentence within or below Offense Level 13 she believes is appropriate. The parties understand that the resulting sentence may be either higher or lower than the Sentencing Guidelines range as calculated by the United States Probation Office. Nevertheless, the parties agree that they will recommend to the Court that, pursuant to Sentencing Guidelines Section 6B1.2(c)(2), there are justifiable reasons for the Court to accept the agreed-upon sentencing limitation. If the Court accepts this condition, then the agreed disposition will be included in the judgment pursuant to Rule 11(c)(3) of the Federal Rules of Criminal Procedure. The parties understand, however, that, in light of other factors, the Court may not agree to accept this condition and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Ms. Tehrani understands that, if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement and will afford her an

opportunity to withdraw the plea, or if she persists in the guilty plea, will inform her that the final disposition may be less favorable to her than that contemplated by this agreement.

5. In the event that this plea offer either is not accepted by Ms. Tehrani or is accepted by Ms. Tehrani but the guilty plea either is rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

6. **Financial Arrangements:** Ms. Tehrani agrees that prior to or at the time of the sentencing, she will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount of $100.00, to cover the special assessment, as required in 18 U.S.C. § 3013; she also agrees to pay restitution in the amount to be determined by the Court.

7. Ms. Tehrani agrees to forfeit all interest in property, up to $148,000, that derives from property seized (and/or liquidated) as the proceeds of her criminal conduct relating to Health Care Fraud and which was contained in A.G. Edwards Investment Account Number 72-818237-111, held in the name of Afsaneh Tehrani and Jahangir Tehrani, 1 North Jefferson, 10th Floor, St. Louis, Missouri 63103. The United States intends that such "Forfeited Property" will be made available to the victims of the defendant's health care fraud scheme and agrees that the value of the Forfeited Property should be credited against defendant's obligation to pay restitution to the victims of the health care fraud scheme. Should the United States determine, prior to defendant's sentencing, that she derived less than $148,000 from her fraud scheme, the Forfeited Property will be reduced to correspond to the lesser amount. Ms. Tehrani agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this Agreement. Ms. Tehrani further agrees to provide to the United States, prior to entry of her guilty plea, a document signed by Jahangir Tehrani, before a notary, stating:

> "Jahangir Tehrani consents to the entry of an order of forfeiture to the United States of up to $148,000 that was seized by the Government from A.G. Edwards Investment Account Number 72-818237-111. He further agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of this property."

Ms. Tehrani agrees to consent to the entry of orders of forfeiture for the Forfeited Property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. (The United States intends to move for entry of a Consent Order of Forfeiture prior to sentencing, upon its determination that the amount of loss for purposes of the value of the Forfeited Property is $148,000, or a lesser amount, as set forth above.) Ms. Tehrani acknowledges that she understands that the forfeiture of assets is part of the

sentence that may be imposed in this case and waives any failure by the Court to advise her of this, pursuant to Rule 11(b)(1)(J), at the time her guilty plea is accepted.

8. Ms. Tehrani further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Ms. Tehrani agrees to take all steps as requested by the United States to pass clear title to the assets described in paragraph 7 to the United States, and to testify truthfully in any judicial forfeiture proceeding. Ms. Tehrani acknowledges that the assets described in paragraph 7 are subject to forfeiture as proceeds of Health Care Fraud, property traceable to such proceeds, or substitute assets for property otherwise subject to forfeiture.

9. Ms. Tehrani further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Ms. Tehrani agrees to take all steps as requested by the United States to pass clear title to the assets described in paragraph 7 to the United States, and to testify truthfully in any judicial forfeiture proceeding.

10. Ms. Tehrani agrees, pursuant to 18 U.S.C. §§ 3663(a)(3) and (a)(4), to pay $5,0000 as restitution for the expenses of the investigation by the Metropolitan Life Insurance Company. By agreeing to pay this amount, Ms. Tehrani relieves Metropolitan Life of the need to prove its expenses.

11. **Government Concessions:** In exchange for her guilty plea, the government further agrees: 1) to agree to a three-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1; 2) not to oppose Ms. Tehrani's release pending sentencing; 3) not to oppose Ms. Tehrani's voluntary surrender to commence serving any sentence which is imposed; and 4) not to oppose Ms. Tehrani's request for the Court to request incarceration at a particular federal facility, provided that Ms. Tehrani continues to show her acceptance of responsibility, as set forth in U.S.S.G. § 3E1.1, by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for her release by the Court. Also, subject to other paragraphs in this agreement, the government will not bring any additional criminal charges against Ms. Tehrani in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the offenses outlined in the Statement of Offense. This agreement not to prosecute Ms. Tehrani does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and D.C. Code § 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Ms. Tehrani.

12.     **Reservation of Allocution:** The government reserves its full right of allocution, including, among others things, the right: (a) to inform the presentence report writer of any relevant facts; (b) to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; and (c) to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Ms. Tehrani's criminal activities, subject to the provisions of the following paragraph.

13. If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

14.     **Breach of Agreement:** Ms. Tehrani agrees that if she fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, and/or attempts to withdraw the plea, the government will have the right to characterize such conduct as a breach of this plea agreement. Moreover, if during an investigation or prosecution Ms. Tehrani should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the government may prosecute her for these offenses to the fullest extent provided by law. In the event of a breach of this agreement, (a) the government will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Ms. Tehrani's release (for example, should Ms. Tehrani commit any conduct after the date of this agreement that would form the basis for an increase in Ms. Tehrani's offense level or justify an upward departure -- examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, a probation officer, or Court -- the government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Ms. Tehrani will not have the right to move to withdraw the guilty plea except as provided in paragraph 4; (c) Ms. Tehrani shall be fully subject to criminal prosecution for any other crimes which she has committed or might commit, if any, including but not limited to perjury and obstruction of justice; and (d) the government will be free to use against Ms. Tehrani, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by her pursuant to this agreement.

15. In the event of a dispute as to whether Ms. Tehrani has breached this agreement, and if Ms. Tehrani so requests, the matter shall be submitted to the Court and shall be resolved by the Court in an appropriate proceeding at which any information provided to the government prior to, during, or after the execution of the plea agreement shall be admissible and at which the government shall have the burden to establish a breach by a preponderance of the evidence.

16.     **USAO-DC's Criminal Division Bound:** Ms. Tehrani understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement resolves all matters regarding the forfeiture proceeding

against the $148,000 referred to in paragraph 7 being handled by the Asset Forfeiture Unit of the USAO-DC. This agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Ms. Tehrani.

17.    **Complete Agreement**: No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Ms. Tehrani, Ms. Tehrani's counsel, and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Ms. Tehrani may indicate her assent by signing the agreement in the space indicated below and returning the original to the undersigned Assistant United States Attorneys once it has been signed by Ms. Tehrani and her counsel.

Sincerely yours,

_____
Jeffrey A. Taylor
United States Attorney

_____
Thomas E. Zeno
Assistant United States Attorney
Fraud and Public Corruption Section
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-6957

I have read this plea agreement and have discussed it with my attorney, Steven D. Gordon. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me; nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offenses identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in

this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 11/14/06

_____
Afsaneh Tehrani
Defendant

    I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 11/14/06

_____
Steven D. Gordon
Counsel for Ms. Tehrani