UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. : 06-CR-00234-HHK |
| | : | |
| v. | : | |
| | : | **FILED** |
| AFSANEH TEHRANI, | : | |
| | : | FEB 0 9 2007 |
| Defendant. | : | |
| | : | NANCY MAYER WHITTINGTON, CLERK |
| | | U.S. DISTRICT COURT |

## CONSENT ORDER OF FORFEITURE

WHEREAS, a written plea agreement was filed with this Court and signed by defendant AFSANEH TEHRANI and her counsel, Steven D. Gordon, Esquire, in which defendant Tehrani agreed to plead guilty to a felony violation, that is, Health Care Fraud, in violation of Title 18, United States Code, Section 1347;

WHEREAS, the Indictment also alleged the forfeiture of certain property, which property is subject to forfeiture, pursuant to Title 18, United States Code, Section 982(a)(7), as property constituting, derived from, or traceable to proceeds obtained from the commission of the offense set forth above;

WHEREAS, in her plea agreement, the defendant expressly agreed and consented to the entry of an Order of Forfeiture, under Fed. R. Crim. P. 32.2(b)(2), which concerns property subject to forfeiture, as property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of the Health Care Fraud; and

WHEREAS, this Court has determined, based on the evidence set forth during the defendant's guilty plea, that the "Subject Property" is subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(7), and that the Government has established the requisite

nexus between such property and violation of Title 18, United States Code, Section 1347;

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. That the following property is declared forfeited to the United States, pursuant to Title 18, United States Code, Section 982(a)(7):

PERSONAL PROPERTY:

$148,000 that was seized by the Government from A.G. Edwards Investment Account Number 72-818237-111 in the name of Afsaneh Tehrani and Jahangir Tehrani, 1 North Jefferson, 10th Floor, St. Louis, Missouri 63103.

2. The United States may publish notice of the Order and its intent to dispose of the Subject Property in such a manner as the Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property. No such notice is required to the extent that this Order consists solely of a money judgment against the defendant. Rule 32.2(c)(1). Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of this Consent Order of Forfeiture, pursuant to 18 U.S.C. § 982 (incorporating 21 U.S.C. 853).

3. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

4. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

5. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853 for the filing of third party petitions.

6. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Consent Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8. The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney Thomas Zeno, United States Attorney's Office, 555 Fourth Street, NW, Washington, D.C. 20530.

Dated this ____ 9th ____ day of ____ February ____, 2007.

Henry Kennedy
HENRY H. KENNEDY
UNITED STATES DISTRICT JUDGE

3

WE ASK FOR THIS:

JEFFREY A. TAYLOR. (DC Bar. No. 498610)
United States Attorney

By:    _____

THOMAS E. ZENO (DC Bar No. 348623)
Assistant United States Attorney
Fraud and Public Corruption Section
U.S. Attorney's Office
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 514-6957


_____        _____
AFSANEH TEHRANI                              STEVEN D. GORDON, ESQUIRE
Defendant                                           Counsel for Ms. Tehrani

4